Todd Friedman, CA Bar No. 216752
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
(877) 206-4741
tfriedman@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DANIEL, | |
| Plaintiff, | |
| v. | No. |
| IQ DATA INTERNATIONAL, INC., | COMPLAINT & |
| Defendant. | JURY DEMAND |

NOW COMES the plaintiff, DORIAN DANIEL, by and through her attorneys, LAW OFFICES OF TODD M. FRIEDMAN, and for her Complaint against the defendant, IQ DATA INTERNATIONAL, INC., the plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., for violations of the Rosenthal Fair Debt Collection Practices Act (hereinafter, "Rosenthal Act"), Cal.Civ.Code §1788 et seq., and for violations of the Fair Credit Reporting Act, (hereinafter, "FCRA"), 15 U.S.C. 1681 et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the FCRA, 15 U.S.C. §1681 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337 and supplemental jurisdiction exists for plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. DORIAN DANIEL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Moreno Valley, County of Riverside, State of California.

5. The debt that Plaintiff was allegedly obligated to pay was a debt that Plaintiff ostensibly owed to "Landmark at Ontario Apts CA" (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Landmark at Ontario Apts CA was relative to a residential lease.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. IQ DATA INTERNATIONAL, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of California. Defendant is incorporated in the State of Washington.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with

alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS
### COUNT I: DORIAN DANIEL v. IQ DATA INTERNATIONAL, INC., FOR VIOLATIONS OF THE FDCPA

14. On or about January 28, 2014, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. The aforesaid correspondence stated that Defendant was attempting to collect a debt that Plaintiff ostensibly owed to "Landmark at Ontario Apts (CA)", with a principal amount due of $7,277.74, interest due in the amount of $2,048.29 for a total amount due of $9,326.03.

16. Plaintiff did not incur a debt with Landmark at Ontario Apts (CA).

17. The Debt pertains to a residential lease that was signed by Plaintiff's adult daughter.

18. Plaintiff did not co-sign the residential lease that was signed by her daughter.

19. Plaintiff did not guarantee the residential lease signed by her daughter.

20. Plaintiff is not a co-obligor on the residential lease signed by her daughter.

21. Plaintiff does not owe the Debt.

22. Despite the fact that Plaintiff does not owe the Debt, Defendant has attempted to collect payment against the Debt from Plaintiff.

23. Shortly after receiving the correspondence from Defendant dated January 28, 2014, Plaintiff contacted the putative creditor on the Debt, Landmark at Ontario (hereinafter, "Landmark").

24. During the course of her communication with Landmark, Plaintiff confirmed that:

    i. Landmark had no record of Plaintiff;

    ii. Landmark had no documentation to suggest that Plaintiff was responsible for any debt owed to Landmark;

    iii. Landmark had no residential lease in Plaintiff's name; and,

    iv. Plaintiff did not owe a debt to Landmark

25. Subsequent to her communication with Landmark, in or around February 2014, Plaintiff contacted Defendant and informed Defendant that she disputed owing the Debt and informed Defendant that she did not owe any debt to Landmark.

26. Despite informing Defendant that she did not owe the Debt, Defendant continued with its attempts to collect a debt from Plaintiff.

27. Defendant has reported the Debt to one or more credit reporting agency such that the Debt shows as a collection account on Plaintiff's credit report.

28. In or around March 2014, Plaintiff submitted a dispute to one or more credit reporting agency, including Equifax Information Services (hereinafter, "Equifax").

29. Upon information and belief, Defendant was notified by Equifax that Plaintiff disputed owing the Debt.

30. Upon information and belief, in or around March 2014 Defendant conducted an investigation into whether Plaintiff owed the Debt.

31. In or around March 2014, Defendant communicated to Equifax such that it confirmed the putative validity of the debt it claimed Plaintiff owed to Landmark at Ontario.

32. Despite being informed that Plaintiff disputed owing the Debt, Defendant did not inform the credit reporting agencies that the Debt has been disputed by Plaintiff.

33. Despite being informed that Plaintiff disputed owing the Debt, Defendant did not inform Equifax that the Debt has been disputed by Plaintiff.

34. By attempting to collect from Plaintiff a debt that she does not owe, Defendant has falsely represented the character, nature and status of the Debt.

35. By communicating to Plaintiff and third-parties that Plaintiff owes the Debt, Defendant has falsely represented the character, nature and status of the Debt.

36. In its attempts to collect the debt allegedly owed by Plaintiff to Landmark, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

      f.    Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DORIAN DANIEL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II: DORIAN DANIEL v. IQ DATA INTERNATIONAL, INC. FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

39. Defendant sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff.

40. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

41. Defendant is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

42. Defendant actions as delineated above constitute a violation of §1788.17 of the Rosenthal Act.

43. WHEREFORE, Plaintiff, DORIAN DANIEL, respectfully requests judgment entered against Defendant for the following;

    a. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788.30(b);

    c. Actual damages;

    d. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788.30(c); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III: DORIAN DANIEL v. IQ DATA INTERNATIONAL, INC. FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

44. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

45. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

46. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

47. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

48. The inaccurate information of which Plaintiff complains is an account, or trade-line reported by Defendant that ostensibly reflects Plaintiff's history of credit with Landmark at Ontario. Specifically, Plaintiff asserts that she never resided at Landmark at Ontario and never co-signed for any lease for any

apartment at Landmark at Ontario. Further, Plaintiff asserts that she does not owe the debt that Defendant claims is owed by her to Landmark at Ontario (hereinafter "the inaccurate information").

49. Despite the foregoing, Defendant has disseminated information that the account is in collections and is presently owing and outstanding.

50. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

51. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

52. In or around March 2014, Plaintiff disputed the inaccurate information with, *inter alia*, Equifax Information Services, Inc (hereinafter, "Equifax").

53. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

54. Defendant received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

55. Upon information and belief, Defendant received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

56. Upon information and belief, Defendant received from Equifax additional information and documentation that Equifax had received from Plaintiff relative to and in support of Plaintiff's dispute.

57. Defendant then and there owed Plaintiff a duty to assist the Equifax in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

58. Plaintiff has been damaged, and continues to be damaged, in the following ways:

     a. Denial of credit;

     b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

     c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

     d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

     e. Decreased credit score which may result in inability to obtain credit on future attempts.

59. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

60. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

61. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

     a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

     b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

62. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

63. WHEREFORE, Plaintiff, DORIAN DANIEL, respectfully requests judgment entered against Defendant for the following;

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

64. Plaintiff hereby demands a trial by jury on all issues so triable.

|     |     |
| --- | --- |
| 1   | Respectfully Submitted, |
| 2   |     |
| 3   | **By:**   /s Todd Friedman |
| 4   |     **Todd Friedman** |
| 5   |     **Attorney for Plaintiff,** |
| 6   |     **DORIAN DANIEL** |

7
8   **Todd Friedman, CA Bar No. 216752**
9   **Law Offices of Todd M. Friedman, P.C.**
10  **324 S. Beverly Dr., #725**
11  **Beverly Hills, CA 90212**
12  **(877) 206-4741 (x610)**
13  **tfriedman@attorneysforconsumers.com**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28